UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-1809-DMG (AFMx) | Date | March 15, 2023 |
| Title | *Nathan Cooley v. County of Los Angeles, et al.* | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On March 10, 2023, *pro se* Plaintiff Nathan Cooley filed a Complaint in this Court against Defendants County of Los Angeles and the Honorable Lisa Sepe-Wiesenfeld, Mark Young, and Bobbi Tillmon, judges of the Los Angeles County Superior Court. Compl. at 2 [Doc. # 1]. In his Complaint, Cooley asserts both federal question and diversity jurisdiction. *Id.* at 3.

On its face, the Complaint reveals that this Court does not have diversity jurisdiction because all the named parties appear to be citizens of California. *See* 28 U.S.C. § 1332(a)(1). At minimum, Plaintiff's own pleadings list himself and the County of Los Angeles as citizens of California. Compl. at 3–4. To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). In other words, if both Plaintiff and a single Defendant are citizens of the same state, diversity jurisdiction does not exist over Cooley's claim.

Federal question jurisdiction, on the other hand, exists over all civil actions "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, the Complaint generally alleges fraud, slander, libel claims, and contains a vague reference to a violation of Cooley's civil rights, but does not specify any claim arising under federal law. Compl. at 5. For a claim to "arise under" federal law within the meaning of section 1332, federal law must either create the cause of action or the right to relief depends on resolution of a substantial question of federal law. *See Mims v. Arrow Fin'l Services, LLC*, 565 U.S. 368, 377 (2012); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1809-DMG (AFMx) | Date | March 15, 2023 |
|---|---|---|---|
| Title | *Nathan Cooley v. County of Los Angeles, et al.* | Page | 2 of 2 |

"Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018); *see also* Fed. R. Civ. P. 8(a) (pleadings must contain a "short and plain statement of the grounds for the court's jurisdiction"). Since the Complaint does not adequately specify the basis for the Court's jurisdiction, Cooley is therefore **ORDERED** to show cause why this action should not be dismissed, without prejudice, for lack of subject matter jurisdiction. By **March 30, 2023**, Cooley shall file a response in which he properly identifies the basis of subject matter jurisdiction, if any. Failure to timely respond, or failure to adequately support the basis for this Court's jurisdiction, will result in dismissal of this action, without prejudice.

**IT IS SO ORDERED.**